The Honorable M. Olin Cook State Representative 266 South Enid Avenue Russellville, AR 72801-4534
Dear Representative Cook:
I am writing in response to your request for my opinion on the following question, which you have submitted on behalf of the mayor of Russellville:
 The Russellville Police Department has several children's bicycles that have been confiscated or abandoned during the past year. Annually we hold an auction and the bicycles are auctioned. The proceeds from the auction go into our Retired Police Officers Pension Fund. The Pension Board Members have asked would it be possible to give the bicycles to need[y] children as a Christmas community project rather than auctioning them.
RESPONSE
In my opinion, the city is precluded by operation of A.C.A. §§ 5-5-101(d) (Repl. 1997), 24-11-415 (Repl. 2002) and Ark. Const. art. 12, § 5 from giving the bicycles away as Christmas presents.
Section 24-11-415 of the Code, as amended by Act 1832 of 2001, provides in pertinent part:
 (a)(1) In all cities and towns, the proceeds derived from the sale of all confiscated goods that are required by the laws of this state to be sold if they were confiscated by a police officer of the city, by the sheriff, or by an officer of the Department of Arkansas State Police within the city shall be deposited in the city's policemen's pension and retirement fund.
 (2) Subdivision (a)(1) of this section shall not supercede [sic] any existing provisions of law governing the disposition of confiscated goods.
At issue initially is whether the bicycles referenced in your request are "goods that are required by the laws of this state to be sold," thus triggering application of the above statute. I believe this question must be answered in the affirmative, subject only to the qualification that if the bicycles qualify as "contraband,"[1] they might by court order be retained by the police for law enforcement use. Subsection 5-5-101 of the Code (Repl. 1997) provides in pertinent part:
 (c) Contraband shall be destroyed, except that any article of contraband capable of lawful use may in the discretion of the court having jurisdiction be retained for use by the law enforcement agency responsible for the arrest. . . .
 (d) Unclaimed seized property shall be sold at public auction to be held by the sheriff of the county in which the seizure took place, and the proceeds, less the cost of sale and any storage charges incurred in preserving it, shall be paid into the general fund of the county.
In the enclosed Ark. Op. Att'y Gen. No. 97-218, my immediate predecessor, with whom I fully concur, opined that unless another statute dictates a different means of disposing of seized property — see, e.g.,
A.C.A. § 5-64-505 (addressing the disposition of items seized under the Controlled Substances Act) — the appropriate means of disposal is the sheriff's sale mandated by A.C.A. § 5-5-101(d). However, he further opined that the subsequently enacted A.C.A. § 24-11-415 controls the disposition of the proceeds of that sale. Accordingly, he concluded that the auction proceeds should be deposited into the policemen's pension and retirement fund, not into the general fund of the county as suggested in A.C.A. § 5-5-101(d).
Finally, as my predecessor noted in response to the suggestion that the city donate seized property to an individual:
 [I]t is generally stated that "a power of use and disposal of municipal property does not include the power of donation or gratuitous disposition, and [a municipality] has no power to donate lands or personal property to private uses. . . ." Op. Att'y Gen. 92-272; 63 C.J.S. Municipal Corporations § 965 (1950).
In my opinion, the bicycles at issue are clearly municipal assets that the city is constitutionally prohibited from donating to a private individual or entity. Ark. Const. art. 12, § 5; see also the enclosed Ark. Op. Att'y Gen. No. 1999-408 (generally discussing the constitutional proscription against eleemosynary activity by municipal corporations). Accordingly, although I appreciate the noble sentiments that prompted the mayor's request, I must opine that for the city to make the proposed gifts would be unconstitutional.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosures
[1] Among the statutory definitions of the term "contraband" is "[a]ny article possessed under circumstances prohibited by law."